UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WINDWARD BORA, LLC.,

                     Plaintiff,

              -against-


STEVEN ORTIZ, JENNY ORTIZ, SUFFOLK
FEDERAL CREDIT UNION, "JOHN DOE" and
"JANE DOE"
                   Defendants.
------------------------------------------------------------X

**REPORT AND**
**<u>RECOMMENDATION</u>**

21-cv-04154 (MKB) (JMW)

**A P P E A R A N C E S:**

Rafi Hasbani
Danielle Paula Light
**Hasbani & Light, P.C.**
450 Seventh Avenue, Suite 1408
New York, NY, 10123
*For Plaintiff Windward Bora, LLC.*

*No Appearance by Defendants*
*Steven Ortiz, Jenny Ortiz, Suffolk*
*Federal Credit Union, "John Doe"*
*and "Jane Doe"*

      **WICKS,** Magistrate Judge:

      Plaintiff Windward Bora LLC commenced this foreclosure action on July 23, 2021, against

Defendants Steven Ortiz ("Steven"), Jenny Ortiz ("Jenny") (collectively the "Ortiz's"), Suffolk

Federal Credit Union ("SFCU"), and "John Doe" and "Jane Doe" as any other tenants, occupants,

or entities claiming an interest in or lien upon of the residential property located at 245 Jamaica

Avenue, Medford, New York, 11763 (the "Property"). To date, Defendants have neither moved,

answered, or otherwise responded to Plaintiff's complaint and the Plaintiff has obtained certificates

of default as to each of the named Defendants.  (DE 16, 17, 18.)  Before the Court, on referral from

the Honorable Chief Judge Margo K. Brodie, is Plaintiff's motion for default judgment.  (DE 19.)

For the reasons that follow, the undersigned respectfully recommends that Plaintiff's motion for

default be denied, and the matter be dismissed for lack of subject matter jurisdiction.

## FACTS AND BACKGROUND

Plaintiff's description of events is recounted here.  On May 27, 2005, the Ortiz's took out

a loan in the principal amount of $76,850.00, evidenced by an executed Home Equity Credit Line

Agreement delivered to Countrywide Home Loans, Inc. ("Countrywide") as the lender (the

"Note").  (DE 2 at ¶ 10,  Ex. C.)[1]  On the same day, the Ortiz's secured the indebtedness by

executing a mortgage on the Property (the "Mortgage").  (*Id.* at ¶ 11, Ex. D.)  While Countrywide

originally held the Note, Plaintiff is currently in physical possession of the Note, endorsed by

allonge to the Plaintiff, and thus is the holder of the Note and the Mortgage.  (*Id.* at ¶ 13.)

On May 1, 2015, the Ortiz's defaulted on their loan payments.  (*Id.* at ¶ 14.)  On March 8,

2021, Plaintiff sent the Ortiz's a 30-day default notice ("30-Day Notice") advising of the possible

acceleration of the loan and continuing default under the Note and Mortgage if not cured.  (*Id.* at

¶ 15, Ex. E.)  Plaintiff also sent the Ortiz's a 90-day legal action notice ("90-Day Notice") pursuant

to New York Real Property Actions and Proceedings Law ("RPAPL") § 1304 on March 8, 2021,

advising of possible legal action if the default was not cured.  (*Id.* ¶ 16, Ex. F.)  Both the 30-Day

Notice and the 90-Day Notice informed the Ortiz's that as of May 8, 2021, it had been 2,138 days

since their last payment, and they owed Plaintiff $95,093.38 in principal and interest.  (*Id.* at ¶¶

15-16; Exs. E-F.)

---

[1] For convenience, the Court adopts the exhibit markings designated by Plaintiff in its Complaint, rather than the numeration of the exhibits indicated on ECF.

By July 2021, the Ortiz's had not cured their default.  (*See* DE  2.)  And so, on July 23, 2021, Plaintiffs commenced this foreclosure action against the Ortiz's, SFCU as the holder of a competing judgment lien against the Property, and any other party that may have a claim, interest, or lien regarding the property.  (*Id.*, Ex. B.)

Jenny was personally served with the Complaint on August 16, 2021.  (DE 10.)  Steven was served by substituted service on his wife, Jenny, at his place of residence, 1 Bridal Path, Center Moriches, NY 11932, on August 17, 2021.  (DE 9.)  SFCU was served on August 4, 2021, by service on Page Paradino, authorized agent of SFCU. (DE 11.)  Service was confirmed by the affidavits of a process server filed to ECF.  (DE 9, 10, 11.)  To date, each Defendant has failed to move, answer, or otherwise respond to the Complaint.

On October 8, 2021, the Clerk for the Eastern District of New York issued certificates of default against each of the defendants.  (DE 16-18.)  Plaintiff now seeks to obtain a default judgment of foreclosure and sale to collect the remaining value of its loan with interest, an appointment of a receiver, the costs associated with the foreclosure sale, and attorneys' fees. (DE 2.)

## **LEGAL STANDARD**

There is a two-step process for the granting of default judgments under Fed. R. Civ. P. 55. First, the Clerk of the Court enters default when a party fails to plead or otherwise defend the action.  *See* Fed. R. Civ. P. 55(a); *see also* Loc. Civ. R. 55.2.  Second, after the clerk's certificate of default is issued and posted on ECF, a party may apply for entry of a default judgment.  Fed. R. Civ. P. 55(b); *see also* Loc. Civ. R. 55.2(b).

The decision to grant a motion for default is left to the discretion of the district court. *United States v. Dougherty*, CV 15-554 (ADS) (AKT), 2016 WL 5112063, at *3 (E.D.N.Y. Aug.

1, 2016), *report and recommendation adopted* by 2016 WL 4705549 (E.D.N.Y. Sep. 7, 2016).  A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06 CV 1878(RJD)(JMA)., 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (finding that a default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true).

Even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims.  *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted).  The court must therefore ensure that (1) Plaintiff satisfied all required procedural steps in moving for default judgment (*see* Local Civ. R. 55.2); and that (2) Plaintiff's allegations, when accepted as true, establish liability as a matter of law.  *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

## DISCUSSION

### I.   JURISDICTION

#### A.  Service on the Defendants and Personal Jurisdiction

Before obtaining a default judgment, a plaintiff must establish proper service of the Summons and Complaint on the defaulting party pursuant to Rule 4 of the Federal Rules of Civil Procedure.  *Advanced Cap. Com. Grp., Inc. v. Suarez*, 2013 WL 5329254, at *2 (E.D.N.Y. Sep. 20, 2013) (adopting report and recommendation).  When considering a motion for default, a court

may "assure that it has personal jurisdiction over the defendant." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) (citation omitted).

Rule 4 prescribes the manner in which service of process must be effected in order to subject a defendant to the court's jurisdiction. *See* Fed. R. Civ. P. 4. Rule 4(e) provides that an individual may be served, *inter alia*, by delivering a copy of the summons and of the complaint to the individual personally or leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there. *See* Fed. R. Civ. P. 4(e)(2)(A-B). A domestic or foreign corporation may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . ." Fed. R. Civ. P. 4(h)(1)(B).

Here, the affidavits of service filed to the docket demonstrate that service of the Complaint was properly effectuated on Jenny by personal service (*see* Fed. R. Civ. P. 4(e)(2)(A); DE 10), and on Steven by service through a person of suitable age and discretion at his dwelling. *See* Fed. R. Civ. P. 4(e)(2)(B); *see* DE 9. Service of the Complaint was similarly effectuated on SFCU by service through an authorized agent, which responded in the affirmative when asked if she was authorized to accept service on behalf of SFCU. *See* Fed. R. Civ. P. 4(h)(1)(B); DE 11. Accordingly, this Court has personal jurisdiction over the Defendants.

### B. Subject Matter Jurisdiction

Plaintiff asserts that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (DE 2 at ¶ 8.) Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims when the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital*

*Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). For the purposes of determining diversity, "a limited liability company. . . takes the citizenship of each of its members." *Id.* at 49. "A person is deemed a citizen of the state wherein he or she is domiciled at the time the complaint is filed." *DeAngelis v. Am. Airlines, Inc.*, No. 06-CV-1967(NGG), 2009 WL 3762651, at *1 (E.D.N.Y. Nov. 10, 2009). "[A] corporation shall be deemed to be a citizen of any State by . . . where it has its principal place of business." *Id.*

The parties here are diverse. Plaintiff is a limited liability company comprised of a single member who is a citizen of the Kingdom of Morocco. (DE 2 at ¶ 2.) Plaintiff's sole member is lawfully admitted for permanent residence in the United States and is domiciled in the State of Florida. (*Id.*) Thus, for diversity purposes, Plaintiff is a citizen of Florida. *See Courchevel 1850 LLC v. Alam*, No. 17CV00785JBWSMG, 2019 WL 9656366, at *4 (E.D.N.Y. Oct. 30, 2019), *report and recommendation adopted*, 464 F. Supp. 3d 475 (E.D.N.Y. 2020) ("28 U.S.C. § 1332(a)(2) provides for original jurisdiction over actions between 'citizens of a State and citizens or subjects of a foreign state,' with the exception that 'citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States' are treated as citizens of the state in which they are domiciled."). Steven and Jenny are citizens of New York. (*Id.* at ¶¶ 2-3.) SFCU, with its principal place of business in New York, is also a citizen of New York. (*Id.* at ¶ 5.) And so, the parties are diverse.

However, the Plaintiff has failed to show that the amount in controversy exceeds $75,000. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003). The amount in controversy is measured as of the date of the complaint. *Id.*

6

Here, the full principal sum of the Note was $76,850.00.  (DE 2, ¶ 10.)  However, at the time the Complaint was filed, Plaintiff alleges that "[u]nder the terms and conditions of the Note and Mortgage, the total principal balance plus all other fees and charges that may apply pursuant to the Mortgage is $74,725.30." (*Id.* at ¶ 16.)[2]  To the extent Plaintiff may seek to recover incidentals such as "sums due on prior mortgages, insurance premiums, tax assessments, water rates, sewer rates, and other expenses or charges affecting the Property," those damages are alleged to accrue "[d]uring the pendency of this action" and thus cannot be said to have existed at the filing of the Complaint.  (*See id.* at ¶18.)  Accordingly, by Plaintiff's own allegations, the amount in controversy as of the filing of the Complaint is just shy of the jurisdictional threshold.  In failing to meet this threshold, the Court lacks subject matter jurisdiction and the ability to grant default judgment.  *S. Point, Inc. v. Krawczyk*, No. 07-CV-576A, 2008 WL 434590, at *6 (W.D.N.Y. Feb. 14, 2008) (finding that the Court did not have diversity jurisdiction over an action where the complaint alleged that the principal balance due, exclusive of interest, late charges, expenses and costs on a note and mortgage was $49,116.59).  Accordingly, the motion for default judgment should be denied and the case should be dismissed for lack of subject matter jurisdiction.  *See e.g., Centra Devs. Ltd. v. Jewish Press Inc.*, No. 16-CV-6737(WFK)(LB), 2018 WL 1445574, at *4 (E.D.N.Y. Mar. 23, 2018) (adopting report and recommendation denying default and dismissing action for failing to meet the amount-in-controversy requirement); *Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 268 (S.D.N.Y. 2017) (denying default judgment and recommending the action be dismissed for lack of subject matter jurisdiction because the plaintiff failed to meet the amount in controversy requirement).

---

[2] It is unclear from the pleadings which "fees and charges" Plaintiff is referencing.  Since §1332 requires the exclusion of any interest and cost, the amount in controversy may actually be lower than $74,725.30.

## II.    PROCEDURAL COMPLIANCE WITH LOCAL CIVIL RULES 7.1 AND 55.2

Even if the Court were to determine it had subject matter jurisdiction over the matter, Plaintiff's request for default should still be denied for failure to comply with Local Civil Rules 7.1 and 55.2.

Local Civil Rule 7.1 requires motions to include a notice of motion, memorandum of law, and supporting affidavits/exhibits containing any necessary factual information for the decision of the motion. E.D.N.Y. Local R. 7.1(a)(1) - (3).  Local Civil Rule 55.2 requires that a party moving for default judgment append to its application the Clerk's certificate of default, a copy of the claim to which no response has been made, a proposed form of default judgment, and that all papers submitted to the Court under Rule 55.2(b) be mailed to the party against whom a default is sought at the last known address of such party, with proof of mailing filed with the Court. E.D.N.Y. Local R. 5.52(b) - (c).  The movant must also include a nonmilitary affidavit as to the individual defendant pursuant to the Servicemembers Civil Relief Act (50 U.S.C. App. § 521), stating whether the defendant is in the military along with facts to support the affidavit. *See Bhagwat v. Queens Carpet Mall, Inc.*, 14-cv-5474 (ENV) (PK), 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015) (citing 50 U.S.C. App. § 521).  "The fact that some of these items may be found electronically, scattered on the docket, does not absolve a movants of the obligation to collect and append copies to the moving papers." *Id.*

Plaintiff filed the subject motion for default (DE 19) including a memorandum of law (DE 19-8), a declaration in support (DE 19-1), a copy of the Complaint (DE 19-2) and accompanying affidavits of service (DE 19-3), the Certificates of Default as to each Defendant (DE 19-4), the default notices pursuant to RPAPL § 1304 (DE 19-5), a judgment search for SFCU (DE 19-6)[3],

---

[3] The judgement report for SFCU is not included in this exhibit but can be found as an exhibit to the Complaint. (*See* DE 2, Ex. B.)

8

and reports from PACER and a Status Report pursuant to the Servicemembers Civil Relief Act concerning Steven (DE 19-7), and the affidavit of service confirming service of the motion for default on February 16, 2022, as to all Defendants via regular mail. (DE 20.)

Notably missing from Plaintiff's motion is a proposed judgment. It also appears from Plaintiff's papers that Plaintiff may have intended to include an "Affidavit of Eitan Korb" but no such affidavit is included. (*See* DE 29.) Further, upon close examination of the Complaint served as an exhibit to the motion, it appears that certain critical exhibits, namely the Note and the Mortgage, are missing. While in some cases the omission of a critical document, such as a proposed form of default, is sufficient to warrant denial of a plaintiff's motion (*see Guanglei Jiao v. Shang Shang Qian Inc.,* No. 18CIV5624ARRVMS, 2020 WL 6370148, at *7 (E.D.N.Y. Aug. 11, 2020), *report and recommendation adopted,* No. 18CV5624ARRVMS, 2020 WL 5105063 (E.D.N.Y. Aug. 31, 2020) ("This omission is usually sufficient to warrant denial of a plaintiff's motion for default judgment"), courts under similar circumstances have excused a plaintiff's failure to strictly comply with the Local Rule 55.2(b). *See id.* (collecting cases). The Court notes that the Note and the Mortgage are available and easily accessible on the docket and were served on Defendants as part of the Complaint. (DE 2, Ex. B-C.)

Given its otherwise substantial compliance with the rules, the Court may have been willing to overlook this technical noncompliance, however, what the Court cannot excuse is Plaintiff's failure to submit nonmilitary affidavits in part for Steven and in its entirety for Jenny, in compliance with "The Servicemembers Civil Relief Act." The Servicemembers Civil Relief Act requires a plaintiff seeking default judgment to "file with the court an affidavit stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." 50 U.S.C. § 3931. "The non-military affidavit must be based not only on an investigation conducted

after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgment is to be entered." *Apex Mar. Co. v. Furniture, Inc.*, No. 11-CV-5365 ENV RER, 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012). "The court lacks the power to excuse compliance with the statute." *Uribe v. Nieves*, No. 17CV5155RRMRER, 2018 WL 4861377, at *1 (E.D.N.Y. Sept. 26, 2018).

Here, Plaintiff failed to properly submit non-military affidavits for both Jenny and Steven. Critically, no documents were submitted with regard to Jenny. And while Plaintiff did submit a Status Report pursuant to the Servicemembers Civil Relief Act with regard to Steven (DE 19-7), this does not satisfy the requirement that a sworn affidavit be submitted under 50 U.S.C. App. § 521. *See Affidavit*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "affidavit" to mean "[a] voluntary declaration of facts written down and sworn to by a declarant [usually] before an officer authorized to administer oaths"); *Apex Mar. Co.*, 2012 WL 1901266, at *1 ("The Servicemembers Civil Relief Act, 50 U.S.C.App. § 521 requires a plaintiff seeking default judgment to file an affidavit stating whether or not the defendant is in military service and showing necessary facts to support the affidavit.) (quotes omitted); *Uribe*, 2018 WL 4861377, at *1 ("Before entering judgment in any action in which the defendant has not made an appearance, the court *must require* the plaintiff to file an affidavit with the court stating whether the defendant is or is not in military service) (emphasis added.)

It is inferred from Plaintiff's papers that Plaintiff was aware of the non-military affidavit requirement. Paragraph 7 of the declaration in support (DE 19-1) states that "Exhibit F" was intended to be a "copy of the affirmation concerning the SCRA and PACER search[,]" but no affirmation was attached. Nonetheless, failure to comply with this requirement warrants denial of Plaintiff's motion for default. *See Tenemaza v. Eagle Masonry Corp.*, No. 20CIV452AMDVMS,

10

2021 WL 8317120, at *5 (E.D.N.Y. July 22, 2021) ("Plaintiff's failure to comply with the Act requires denial of his motion for default judgment."); *Pruco Life Ins. Co. of New Jersey v. Est. of Locker*, No. 12-CV-882 ENV RML, 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012) ("The motion is also denied. . .for failure to provide a nonmilitary affidavit based on an investigation performed after the claimed default.")  For this reason alone, Plaintiff's motion for a default judgment should be denied.

III.    **LIABILITY**

If Plaintiff had been able to overcome the subject matter jurisdictional hurdle, and the Court were to look past the procedural infirmities of Plaintiff's motion and reach its merits, then for the reasons that follow Plaintiff has demonstrated entitlement to foreclosure.  This analysis is provided so that in the event the reviewing District Judge, upon review, disagrees as to the undersigned's conclusions on subject matter jurisdiction and the procedural deficiencies, the Court may nevertheless proceed to review the merits of the application.

A.  **Compliance with RPAPL § 1304**

RPAPL 1304 requires a lender to send notice to a mortgagor at least 90 days before the commencement of any foreclosure action by registered or certified mail, by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage. RPAPL § 1304(1-2). "Proper service of [an] RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition."  *CIT Bank N.A. v. Schiffman*, 999 F.3d 113, 116 (2d Cir. 2021).  Compliance with § 1304 can be established with evidence of actual mailing; such as a certified mailing receipt, a certificate of first class mailing, affidavit of service, or some uncontroverted United States Postal Service records. *Wilmington Sav. Fund Soc'y, FSB as Tr. for*

*Carlsbad Funding Mortg. Tr. v. White*, No. 17CV2288RRMSIL, 2021 WL 2548971, at *4 (E.D.N.Y. June 22, 2021).

It is not settled whether courts in this district must review compliance with § 1304 on motions for default judgment or whether it is strictly a defense that must be raised by a defendant. *See Freedom Mortg. Corp. v. Powell*, No. 218CV4265ENVCLP, 2020 WL 4932145, at *3 (E.D.N.Y. Aug. 24, 2020).   Indeed, decisions from New York Appellate Division suggest a plaintiff is *not* required to show compliance with § 1304 if the borrower does not raise it as a defense, but courts in this district routinely review § 1304 on motions for default judgment. *Id.* at *2-3 (collecting cases).   Nonetheless, without clarification from the New York State Court of Appeals or the Second Circuit, courts in the Second Circuit, and particularly in this district, continue to consider § 1304 on motions for default judgment. *See U.S. Bank Nat'l Ass'n, et al. v. Ryszard Kozikowki*, *et al.*,19-cv-00783(DLI)(CLP), 11-12 (E.D.N.Y. May 10, 2022) (collecting cases). The Court finds no reason to deviate here.[4]

Whether this Court should review Plaintiff's compliance with RPAPL § 1304 on this motion is a non-issue here because Plaintiff complied with the statute's requirements.   Plaintiff submitted the 90-day default notices sent to the Ortiz's, provided copies of the certified mailing envelopes and first-class mailing envelopes, and submitted Proof of Filing Statements pursuant to RPAPL § 1306.   (DE 19-5.)   While Plaintiff technically did not submit certified mailing receipts or an affidavit of service to accompany the certified mailings, a simple visit to the USPS tracking

---

[4] Though Plaintiff does not address its compliance with RPAPL § 1304 in the body of its memorandum of law, the table of contents (which presumably reflect arguments from a previous draft) include reference to arguments concerning RPAPL § 1304, and thus indicates Plaintiff contemplated its compliance with the statute.   (*See* DE 19.)

website[5] indicates that each certified letter was delivered.  The Court finds this to be evidence of actual mailing in compliance with RPAPL § 1304.

### B.  Plaintiff's *Prima Facie* Case for Foreclosure

To foreclose on a mortgage, a plaintiff must demonstrate (1) the existence of a mortgage; (2) ownership of the mortgage; and (3) the defendant's default in payment of the loan.  *OneWest Bank, N.A. v. Hawkins*, No. 14 CV 4656 NGG, 2015 WL 5706945, at \*5 (E.D.N.Y. Sept. 2, 2015), *report and recommendation adopted*, No. 14-CV-4656 NGG CLP, 2015 WL 5706953 (E.D.N.Y. Sept. 28, 2015).  "Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has satisfied its prima facie entitlement to judgment, and the burden shifts to the defendant to demonstrate that there is a triable issue of fact with respect to the merits of the defenses and/or counterclaims."  *Id.*  (internal citations omitted). [6]

Here, Plaintiff has sufficiently pled each element. First, Plaintiff has produced copies of the Mortgage and the Note.  Through Plaintiff's well pleaded complaint and supporting exhibits, Plaintiff has established the obligations of the Ortiz's under those instruments.  (DE 2, Exs. C-D.)

Second, as to ownership, Plaintiff has established it is the holder of the Note and Mortgage.  "[E]ither a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident."  *E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 15 (2d Cir. 2015) (*quoting U.S. Bank, N.A. v. Adrian Collymore*, 68 A.D.3d 752, 754 (2009)).  "Holder status is established where the plaintiff possesses a note that, on its face or by

---

[5] USPS.COM, USPS Tracking, https://tools.usps.com/go/TrackConfirmAction_input (last visited June 28, 2022).

[6] Plaintiff's memorandum of law cites these applicable rules of law, but also includes two notes by Alan Smikun instructing the reader to "remove this para." Because the paragraph was not ultimately removed from Plaintiff's papers and the Court finds the cited case law to be relevant to its determination, the Court considers the referenced paragraph. (*See* DE 19-8 at 3.)

allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff." *E. Sav. Bank, FSB*, 631 F. App'x at 15.  While Countrywide Home Loans, Inc. was the original holder of the Note, the Note was later endorsed specifically by allonge to Plaintiff. (DE 19 at 7, Doc 2, Ex. C.)  Plaintiff has demonstrated possession of the Note and accompanying Mortgage prior to the commencement of the instant action and thus has the right to enforce the corresponding Mortgage and to initiate this foreclosure action.  *See Windward Bora, LLC v. Brown*, No. 21CV03147KAMRER, 2022 WL 875100, at *4 (E.D.N.Y. Mar. 24, 2022).

Third, Plaintiff has sufficiently alleged that the Ortiz's have failed to comply with the terms of the Note and Mortgage in that they have failed to make payments since May 1, 2015.  (DE 2 at ¶ 14).  For these reasons, Plaintiff has demonstrated a *prima facie* case for foreclosure as against the Ortiz's.

### C.  Nominal Liability as Against SFCU

The Complaint names SFCU as a defendant because SFCU is alleged to have an interest in the Property.  (DE 2 at ¶ 5.)  RPAPL § 1311 provides that the necessary parties to a mortgage foreclosure action include: "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff."  RPAPL § 1311(3).  "This rule derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale."  *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quotes omitted).  "Courts regularly enter default judgments in foreclosure actions against defendants with 'nominal interests' in the relevant property, including parties holding subordinate liens or non-owner tenants."  *E. Sav. Bank, FSB v. Robinson*, 2016 WL 3365091, at *4.

Here, the Complaint contains well-pleaded allegations of nominal liability on the part of SFCU. Plaintiff attaches a copy of the "Judgment – Retrieval Report" which shows a judgment in favor of SFCU in the amount of $9,174.50, perfected on September 13, 2018. (DE 2-2.) SFCU was served by registered agent on August 4, 2021, but failed to answer, move, or otherwise respond, resulting in the entry of default. And so, Plaintiff's allegations of liability against SFCU are deemed conceded. *See Freedom Mortg. Corp. v. Weisblum*, No. CV192033DRHAKT, 2020 WL 5881235, at \*7 (E.D.N.Y. Aug. 19, 2020), *report and recommendation adopted as modified*, No. 19CV2033DRHAKT, 2020 WL 5878262 (E.D.N.Y. Oct. 2, 2020) ("Discover Bank was properly served with the Summons and Complaint in this action on April 19, 2019, but failed to answer or otherwise respond, resulting in the entry of default. . .As such, Plaintiff's allegations of liability against Discover Bank are deemed conceded.").

Therefore, because Plaintiff has established that any liens or other interests SFCU may have against the Property are subordinate to the Mortgage, Plaintiff has established nominal liability against SFCU. *See id.*; *E. Sav. Bank, FSB v. Strez*, No. 11-CV-1543, 2013 WL 6834806, at \*6 (E.D.N.Y. Dec. 20, 2013) (entering default judgment against the "holder of a subordinate lien on the premises" who failed to respond to the complaint); *UFP Atl. Div., LLC v. Route 299 Retail Ctr., LLC*, No. 12-CV-00053, 2013 WL 1122442, at \*2 (N.D.N.Y. Mar. 18, 2013) (granting default judgment against the defendant holder of "a mortgage on the property at issue that is subordinate to Plaintiff's" and stating that the defendant's "failure to respond to the amended complaint constitutes a concession to this well-pleaded allegation of liability.").

## IV.    DAMAGES AND REMEDIES

Plaintiff moves for entry of Judgment of Foreclosure and Sale permitting it to foreclose upon and sell the Property. (DE 2 at 5.) Plaintiff requests that Plaintiff be paid on the amounts

due on the Note and Mortgage, with interest, attorneys fees, and costs, from the proceeds of the sale. (*Id.*)

"A plaintiff is entitled to foreclose on a property if it demonstrates "the existence of an obligation secured by a mortgage, and a default on that obligation." *OneWest Bank, N.A.*, 2015 WL 5562980, at *5 (quotes omitted) (recommending the property be foreclosed and sold, with the proceeds to be applied to the amount owed on the Note including any miscellaneous fees). "If those elements are established, the mortgagee has a presumptive right to collect." *1st Bridge LLC v. 682 Jamaica Ave., LLC*, No. 08-CV-3401 NGG MDG, 2010 WL 4608326, at *3 (E.D.N.Y. July 13, 2010), *report and recommendation adopted*, No. 08-CV-3401 NGG MDG, 2010 WL 4607409 (E.D.N.Y. Nov. 4, 2010).

In a foreclosure action, once a plaintiff has submitted the Note and Mortgage and default has been granted, all that is left is to establish damages with reasonable certainty. *Nationstar Mortg. LLC v. Atanas*, 315 F. Supp. 3d 700, 706 (W.D.N.Y. 2018). "In the context of a default judgment in a foreclosure action, several courts in the Eastern District of New York have required more than production of the initial mortgage and an affidavit stating the outstanding principal on a loan." *Happy Homes, LLC v. Jenerette-Snead*, No. 15 CV 1788 (MKB)(RML), 2016 WL 6599826, at *5 (E.D.N.Y. Nov. 7, 2016) (collecting cases). Often, courts "den[y] awards for advances and other costs where the plaintiff failed to substantiate its request with proper documentary support." *Nationstar Mortg. LLC*, 285 F. Supp. 3d at 627.

Here, because Plaintiff is not entitled to default judgment and it is the undersigned's recommendation that the action be dismissed for lack of subject matter jurisdiction, the Plaintiff is not entitled to any damages or remedies. However, even if the Court were to determine that Plaintiff is entitled to default judgment, the Plaintiff is still not entitled to the relief it seeks because

Plaintiff has utterly failed to submit any documentation or support with regard to damages. Plaintiff has not submitted any facts to aid the Court in determining the amount owed under the Note and Mortgage. The same lack of supporting documents can be said about Plaintiff's request for attorneys' fees and costs.  Both the Note and Mortgage contain provisions entitling Plaintiff to recovery attorneys' fees. (DE 2 at ¶ 19; Ex. C-D.) "Nevertheless, the party seeking to recover attorneys' fees bears the burden of establishing the reasonableness and necessity of hours spent and rates charged."  *E. Sav. Bank, FSB*, 2016 WL 3365091, at *8.  Without explanation or supporting documents, the Court cannot determine damages to a reasonable certainty. *See Happy Homes, LLC*, 2016 WL 6599826, at *5. Where a plaintiff fails to carry its burden to establish damages with reasonable certainty, a court may deny a plaintiff's request for a judgment of foreclosure sale.  *See Nationstar Mortg. LLC*, 315 F. Supp. 3d at 706.  And so, in the event the Court finds reason to grant default judgment, it is recommended that plaintiff's request for a judgment of foreclosure sale be denied and Plaintiff be granted leave for to file substantiating documentation and to cure any deficiencies. *See e.g., id.*

## CONCLUSION

Based on the forgoing, the undersigned respectfully recommends to the Honorable Chief Judge Margo K. Brodie that Plaintiff's motion for default judgment be denied and that the matter be dismissed for lack of subject matter jurisdiction.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be

directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
        July 5, 2022


                                    /s/ *James M. Wicks*
                                    JAMES M. WICKS
                                    United States Magistrate Judge