UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
WINDWARD BORA LLC,

                              Plaintiff,                           **ORDER**
                                                                               21-CV-4154 (MKB) (JMW)

              v.

STEVEN ORTIZ, JENNY ORTIZ, SUFFOLK
FEDERAL CREDIT UNION, JOHN DOE, and
JANE DOE,

                              Defendants.
-----------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

       Plaintiff Windward Bora LLC commenced the above-captioned action against Defendants Steven Ortiz, Jenny Ortiz, Suffolk Federal Credit Union, John Doe, and Jane Doe on July 23, 2021, seeking to foreclose on a mortgage under the New York Real Property Actions and Proceedings Law ("RPAPL") § 1301 *et seq.* (Compl. ¶ 1, Docket Entry No. 2.) Defendants failed to appear or otherwise defend the action, and the Clerk of Court entered default against them on October 8, 2021. (Clerk's Entries of Default, Docket Entry Nos. 16, 17, 18.) On February 16, 2022, Plaintiff moved for default judgment, (Pl.'s Mot. for Default J., Docket Entry No. 19), and, that same day, the Court referred Plaintiff's motion to Magistrate Judge James M. Wicks for a report and recommendation, (Order dated Feb. 16, 2022).

       By report and recommendation dated July 5, 2022, Judge Wicks recommended that the Court deny Plaintiff's motion for default judgment and dismiss the case for lack of subject matter

jurisdiction due to Plaintiff's failure to allege that the amount-in-controversy exceeds $75,000 (the "R&R").[1] (R&R 5–7, 17, Docket Entry No. 21.)

No objections to the R&R have been filed and the time for doing so has passed.

**I. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and

---

[1] While Plaintiff alleges that the full principal sum of the note was $76,850.00, (Compl. ¶ 10), and submits exhibits attached to the Complaint stating that Defendant Steven Ortiz owes Plaintiff approximately $95,000, (*see, e.g.*, Letter dated Mar. 8, 2021, annexed to Compl. as Ex. E, Docket Entry No. 2-5), amounts that exceed the amount-in-controversy requirements, Plaintiff alleges that "[u]nder the terms and conditions of the [n]ote and [m]ortgage, the total principal balance plus all other fees and charges that may apply pursuant to the [m]ortgage is $74,725.30," (Compl. ¶ 17). This amount falls short of the requirements for diversity jurisdiction under 28 U.S.C. § 1332.

2

then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

Accordingly, the Court adopts the R&R, denies Plaintiff's motion for default judgment and dismisses the case without prejudice for lack of subject matter jurisdiction. Plaintiff is directed to serve copies of this Order upon Defendants at their last known addresses and to file proof of service with the Court. The Clerk of Court is respectfully directed to close this case.

Dated: August 24, 2022
       Brooklyn, New York

                                        SO ORDERED:

                                        s/ MKB
                                        MARGO K. BRODIE
                                        United States District Judge